IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TAMIKA PALMER                  :          CIVIL ACTION
                               :
     v.                        :
                               :
CREDIT COLLECTION SERVICES,    :
INC.                           :          NO. 15-1681


MEMORANDUM

Bartle, J.                                    December 22, 2015

          This is an action under the Fair Debt Collection
Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq.  Both the
defendant Credit Collection Services, Inc. and plaintiff Tamika
Palmer have moved for summary judgment pursuant to Rule 56 of the
Federal Rules of Civil Procedure.

          The material facts are not in dispute.  On April 13,
2014, defendant, a debt collection agency, sent plaintiff a
letter seeking to collect a debt of $342.80 she purportedly owed
to a third party.  The letter was enclosed in an envelope with a
glassine window.  Through the window was visible the plaintiff's
name and address as well as a bar code.  It is the appearance of
the bar code that plaintiff alleges violates the FDCPA.

          The bar code is simply a series of parallel vertical
lines or bars of varying widths, black or gray in color,
sometimes separated by white parallel vertical spaces of varying
widths.  On its face, the bar code says nothing comprehensible.
When scanned electronically, however, the bar code here reveals

the following numbers: "04241228380099."  Within these numbers is

the debt collector's internal file number which defendant can use

for tracking plaintiff's record.  The file number for plaintiff

is "08042412283."  The last four numbers of the bar code "0099"

identify defendant's code for the form of letter sent.  The "8"

preceding "0099," which for the debt collector's internal

purposes becomes "08," identifies the debt collector's directory

of debts owed to a particular type of creditor.  To gain access

to plaintiff's records it would be necessary to unscramble the

fourteen numbers by adding a "0" at the beginning, placing the

second "8" immediately after the "0" and disregarding  the "0099"

at the end.

> The purpose of the FDCPA is:
>
> to eliminate abusive debt collection
> practices by debt collectors, to insure
> that those debt collectors who refrain from
> using abusive debt collection practices are
> not competitively disadvantaged, and to
> promote consistent State action to protect
> consumers against debt collection abuses.

15 U.S.C. § 1692(e).[1]  In furtherance of this goal, § 1692f

provides that "[a] debt collector may not use unfair or

---

1.    Congress made the following findings: "There is abundant
evidence of the use of abusive, deceptive, and unfair debt
collection practices by many debt collectors.  Abusive debt
collection practices contribute to the number of personal
bankruptcies, to marital instability, to the loss of jobs, and to
invasions of individual privacy."  See 15 U.S.C. § 1692(a).

unconscionable means to collect or attempt to collect any debt."
Section 1692f(8) prohibits a debt collector from:

> [u]sing any language or symbol, other than
> the debt collector's address, on any envelope
> when communicating with a consumer by use of
> the mails or by telegram, except that a debt
> collector may use his business name if such
> name does not indicate that he is in the debt
> collection business.

The plaintiff relies heavily on the decision of our Court of Appeals construing this section of the FDCPA in Douglass v. Convergent Outsourcing, 765 F.3d 299 (3d Cir. 2014). There, the plaintiff received a letter from a debt collector seeking to collect a debt. The envelope contained a glassine window, through which could be seen the debtor's account number in addition to her name and address.[2] The plaintiff sought damages for a violation of § 1692f(8). The District Court granted summary judgment in favor of the debt collector, but the Court of Appeals reversed. The Court held that the appearance of the account number violated § 1692f(8) since the envelope used "language or symbol" other than the debt collector's address. It reasoned that the "disclosure implicates a core concern animating the FDCPA - the invasion of privacy. . . . The account number is a core piece of information pertaining to Douglass's status as a

_____

2. It is not disputed that § 1692f(8) limits not only what is printed on the envelope itself but also what is visible through the transparent window of the envelope. See Douglass, 765 F.3d at 302.

-3-

debtor and [the debt collector's] debt collection effort." Id.
at 303. The Court rejected the argument that the account number
visible through the transparent window was merely "a meaningless
string of numbers and letters." Id. at 305-06. It explained
that "the account number is not meaningless - it is a piece of
information capable of identifying Douglass as a debtor." Id.

While the defendant in Douglass conceded that
§ 1692f(8) prohibited the disclosure of the plaintiff's account
number, it argued that it would be absurd to interpret the
statute literally. It urged the Court of Appeals to apply to the
broad scope of § 1692f(8) a "benign language" exception which the
Fifth and Eighth Circuits have adopted. In Goswami v. American
Collections Enterprise, Inc., 377 F.3d 488 (5th Cir. 2004), the
debt collection agency had simply marked the envelope as a
"priority letter." The Court there found that those words were
benign language such that no violation of § 1692f(8) had
occurred. Moreover, in Strand v. Diversified Collection Service,
Inc., 380 F.3d 316 (8th Cir. 2004), the Eighth Circuit, similarly
applying the benign language exception, found no violation of
§ 1692f(8) where the following was printed on the envelope:
"PERSONAL AND CONFIDENTIAL" and "IMMEDIATE REPLY REQUESTED."

Our Court of Appeals concluded that those cases were
inapposite as the debt collectors did not provide "core
information relating to the debt collection and susceptible to

privacy intrusions." <u>Douglass</u>, 765 F.3d at 305.  The <u>Douglass</u>
Court declined to decide whether a benign language exception
exists in this Circuit because the disclosure of the debtor's
account number through the glassine window was not, in its view,
benign.  Nonetheless, it cautioned that "§ 1692f(8) should not be
read to create absurd results."  <u>Id</u>. at 306 n.9.

        The plaintiff here maintains that <u>Douglass</u> is directly
on point and supports her summary judgment motion.  She equates
the visibility of the debtor's account number in <u>Douglass</u> with
the visibility of her bar code.  The defendant counters that
<u>Douglass</u> is distinguishable because plaintiff's account number
was not visible through the glassine window and even after
scanning the bar code the file number was scrambled.  The
defendant asserts that finding a violation of § 1692f(8) would be
absurd and that we should at least invoke the benign language
exception.  The plaintiff replies that the digits are not
sufficiently jumbled to veil her file number.

        As always, we must begin with the relevant language of
the FDCPA.  As noted above, § 1692f(8), with certain exceptions
not relevant here, forbids the debt collector from "[u]sing any
language or symbol" on the envelope sent to a consumer to collect
a debt.  The bar code, of course, is a symbol.  Thus, it is
undeniable that § 1692f(8) forbids the appearance of the bar code
through the transparent window of the envelope sent to the

debtor.  We must apply the statute as written unless, as our Court of Appeals directs, the result would be absurd.[3]  See id. at 302-03.  An oft-cited example of absurdity in this context would be to read the statute to disallow the debt collector from affixing a stamp to the envelope.  See id. at 303.

Congress, for example, could have described or attempted to describe in § 1692f(8) what specific language or symbols would or would not have been inimical to the purposes of the FDCPA.  Instead, Congress decided to impose a blanket prohibition against any language or symbol on the envelope except for the return address of the debt collector and its name "if such name does not indicate that [it] is in the debt collection business."  See § 1692f(8).  This approach provides certainty to debt collectors and avoids the problem of having to decide on a case by case basis what language or symbols intrude into the privacy of the debtor or otherwise constitute "an unfair or unconscionable means to collect or attempt to collect a debt." Id. § 1692f.  Congress wrote into the law a bright-line rule with respect to markings on envelopes sent to debtors and authorized the award of damages to debtors if debt collectors violate the plain language of § 1692f(8).

---

3.   We do not have sufficient confidence that our Court of Appeals would adopt the "benign language exception" and therefore do not consider it here.

We cannot say that what Congress has done leads to an absurd result in this case. The bar code in issue is designed to apply specifically to the plaintiff and relates to the debt she allegedly owes.[4] Contrary to the focus of the parties' arguments, it is irrelevant whether the bar code, when scanned, reveals a scrambled or unscrambled number. Again, § 1692f(8) plainly forbids bar codes of any kind.

In sum, the FDCPA is remedial and must be interpreted "to give full effect" to its purposes. See Douglass, 765 F.3d at 306. We must read and apply the words of § 1692f(8) as written since they do not create an absurd result under the undisputed facts in the record. Consequently, the defendant is liable to the plaintiff for damages for the violation of the FDCPA. The amount will have to be decided in a future proceeding. Whether it is sound public policy to allow a debtor to obtain damages from a debt collector in the present circumstances is not for the court to say. We must construe the law, not make it.

The court will grant the motion of plaintiff for summary judgment on liability and deny the motion of the defendant for summary judgment.

---

4. The defendant has apparently included the bar code for tracking purposes if the letter is returned to it as undeliverable. There certainly are other methods which are available to accomplish this goal without use of bar codes.